UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH YARGO | * | CIVIL ACTION |
| | * | NO. |
| | * | |
| versus | * | SECTION |
| | * | JUDGE |
| | * | |
| UV LOGISTICS, LLC | * | DIVISION |
| * * * * * * * * * * * * * * * * * | | MAGISTRATE |

## COMPLAINT FOR DAMAGES–UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

The Complaint of Joseph Yargo, a person of the full age of majority and a resident and domiciliary of the Parish of Tangipahoa, State of Louisiana respectfully avers as follows:

1. Made defendant is UV Logistics, LLC, a foreign corporation authorized to do and doing business in the Eastern District of Louisiana.  UV Logistics, LLC (UV Logistics) is domiciled in Wilmington, Delaware and maintains its principle business office in Lafayette, Louisiana.

2. UV Logistics is the survivor of a merger involving Venture Transport Logistics, LLC effective January 31, 2011.  As such, UV Logistics is liable for the employment actions taken by Venture Transport Logistics, LLC (Venture Transport).

3. This is an action for damages and injunctive relief due to a violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-35.  The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3).

4. USERRA provides that an action may proceed in any district in which the employer maintains a place of business (38 U.S.C. § 4323(c)(2)).  Venue is proper in this court because UV

Logistics maintains several places of business within the Eastern District of Louisiana, including but not limited to Marrero, New Orleans, Harvey, and Belle Chasse.

5. Plaintiff Joseph Yargo (Yargo) is a uniformed service member for the purposes of USERRA, serving the U.S. Army Reserve's 377th Theater Sustainment Command at the time the facts alleged herein arose.

6. After accepting its offer of employment Yargo began working for Venture Transport as a truck driver in early to mid 2007. Yargo worked under the supervision of Annette Malborough, the terminal manager. Venture Transport (now UV Logistics) maintained a network of terminals across the United States and provided transportation solutions for a variety of industries. Venture Transport is an employer for purposes of USERRA as it "pays salary or wages for work performed" and "has control over employment opportunities" (38 U.S.C. § 4303(4)).

7. As a truck driver for Venture Transport, Yargo was subject to Venture Transport's rules, regulations, driving schedules, and safety requirements and classes. His entire income was completely dependent upon Venture Transport and worked for no other employer during the entire nearly four years he was employed by Venture Transport. Venture Transport maintained the fuel logs, recorded fuel mileages, and paid fuel taxes on behalf of Yargo to the various states.

8. Yargo was activated in Operation Iraqi Freedom serving the 389th Combat Support Sustainment Battalion out of New York effective August 10, 2009. Yargo informed his terminal manager, Annette Malborough, who informed a superior (identity presently unknown). According to Ms. Malborough, that individual made the arbitrary decision to terminate Yargo's employment effective March 23, 2010 despite her protests. Yargo returned from uniformed service on July 23, 2010 and was released from service on August 9, 2010. As such, this Complaint is timely filed under the Servicemembers Civil Relief Act, which provides that the

"period of a servicemember's military service may not be included in computing any period…for the bringing of any action or proceeding in a court…" (50 App. U.S.C. § 526(a)).

9. Section 4311 of USERRA prohibits an employer from denying retention in employment on the basis of a person's obligation to perform in a uniformed service.

10. Venture Transport violated USERRA by terminating Yargo's employment immediately upon receiving notice that Yargo needed leave to fulfill his military obligations. As such, Venture Transport is liable unto Yargo for the damages set forth herein.

## DAMAGES

11. As a result of Venture Transport's violation of the USERRA, Yargo has suffered damages in the following, non-exclusive respects:

   a. Loss of income and/or earnings potential with benefits, including but not limited to the amount left in escrow worth approximately $1,000, damages sustained to Yargo's truck worth approximately $600, and 30,000 in accumulated safety points worth approximately $400;

   b. Reinstatement;

   c. Reasonable attorney's fees, costs, and legal interest from the date of judicial demand according to the law of the State of Louisiana;

   d. All equitable relief deemed just and proper by this Court, and;

   e. All other statutory remedies available.

12. Venture Transport's violation of USERRA was willful. As such, Yargo is entitled to liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

13. Yargo demands and is entitled to a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Joseph Yargo prays that this, his Complaint, be cited and served on Defendant UV Logistics, LLC, that Defendant UV Logistics, LLC be required to answer same, that after due proceeding had, judgment be rendered for Plaintiff Joseph Yargo and against Defendant UV Logistics, LLC in an amount to be determined as just under the circumstances, for all equitable relief deemed just and proper by this Court, and for legal interest from the date of judicial demand.

Plaintiff Joseph Yargo further prays for a trial by jury on all issue so triable.

Respectfully submitted,
LAW OFFICE OF DALE EDWARD WILLIAMS

/s/Dale E. Williams
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile:   (985) 892-2640
mailto:dale@daleslaw.com

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint for Damages, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this 27th day of May 2011.

_____
JOSEPH YARGO